María Mercedes Vega Acosta, Petitioner, *v.* Superior Court of Puerto Rico, San Juan Part; Fausto Ramos Quirós, Judge, Respondent; Miguel J. Castañer Folch, Intervener.

No. C-63-47.        Decided November 12, 1963.

*Tomás Boneta Correa* for petitioner. *Francisco Acevedo* for intervener.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

The San Juan Part of the Superior Court dissolved the marriage relations between intervener Miguel J. Castañer Folch and petitioner María Mercedes Vega Acosta by divorce decree rendered in civil case No. 62-1125 of that Part, adjudging petitioner the innocent spouse and granting to her the legal custody and patria potestas over a minor daughter, aged 12, born of the marriage.

Shortly thereafter the intervener filed in the same Part an action for division of community property setting forth that, among other community property, there was a house and lot situated in Extensión San Agustín of Río Piedras. At a pretrial conference the parties by mutual agreement fixed the value of the property at $15,000 and agreed to sell the same at a private sale. Some time later the intervener herein and plaintiff therein moved the court to order the sale at public auction of the said property. He alleged that the same was encumbered by a mortgage in favor of the Administrator of Veterans' Affairs to secure a $9,900 loan, payable in 20 years at the rate of $60 a month, commencing with the first payment on August 1, 1954, and that the balance of the mortgage amounted to $6,478.82 on November 13, 1962. He requested that the purchaser at the public sale be permitted to retain that amount or any amount obtained on the date of the sale to pay the mortgage at the proper time, and that the difference be divided between the parties after deducting certain expenses of the proceeding.

Thereupon petitioner filed a motion praying the court to grant and recognize to her the right of homestead, alleging that in 1954 the marriage had acquired the said house and lot which she had occupied at all times until he abandoned the home; that she was occupying it at present with her minor daughter who lived in her company; that the judgment of divorce had been rendered in her favor and she had been granted the custody and patria potestas of the

minor; and that the property in question had been adjudicated to her and to her daughter as their domicile. She requested that the sum of $1,500, amount of her homestead, be credited to her if the property was sold at public auction.

On March 29, 1963, the trial court entered an order in which it held that petitioner herein was the innocent spouse and that she had the legal custody and patria potestas over the minor born of the marriage; that the minor lived in the house and lot sought to be sold at public auction, and that she used it as her residence since the time it was acquired; that she had constituted her right of homestead in the said property and, consequently, it granted and recognized to her such right in the sum of $1,500. The court expressly stated that in its opinion, in order to do justice, the equity of the present case required that such right of homestead be granted and recognized to petitioner. It therefore ordered that the amount of $1,500 be retained from the price obtained at the sale of the property and delivered to petitioner, and that the balance be divided between the parties after payment of the obligations and charges.

The intervener moved for reconsideration of above motion and a hearing was set. After the hearing was held, on April 22, 1963, the trial court entered another order setting aside the former and denying petitioner's right of homestead on the ground that she had waived such homestead by constituting the mortgage in favor of the Veterans' Administration. To review this second order we issued certiorari.

At the hearing of the case an officer of the Veterans' Administration testified and read for the record the pertinent clause on waiver of homestead in the mortgage deed, which reads verbatim as follows: "The mortgagors hereby expressly waive *in favor of the mortgagee* their rights and ownership of homestead over the mortgaged real property which may be granted to them by any act, in consideration of the fact that the loan secured has been requested and

applied by them to the payment of the purchase price of the said real property." The evidence showed that payment of the mortgage was up-to-date and that it had not been foreclosed, nor was there pending any mortgage foreclosure proceeding on the part of the Veterans' Administration.

■ Since the Homestead Act of March 12, 1903, was enacted, it was provided that in case of divorce the court could dispose of the homestead right according to the equities of the case. The same provision was retained in the Homestead Act of May 13, 1936, No. 87 of that year (Sess. Laws, p. 460), which superseded the previous Act. Act No. 87 provided that the right of homestead may not be waived, which waiver was permitted under the Act of 1903, and that any agreement to the contrary would be void. It was permitted, however, to waive the right of homestead in the case of mortgages secured by the Federal Housing Administrator or in the case of veterans' loans secured by the United States Veterans' Administration. By the subsequent amendment of February 11, 1955, waiver was permitted in favor of other entities therein specified.

Section 5 of Act No. 87, as amended by Act No. 1 of February 11, 1955 (Sess. Laws, p. 2), provides that no sale shall be made, *under a judgment* or execution, of any urban or rural property when the same is claimed or occupied as a homestead, unless a sum greater than $1,500 is obtained therefor, and that if it is sold for more than $1,500, such amount shall be deposited subject to the homestead claim.

In this divorce case the trial court granted the right of homestead in favor of petitioner, who was the innocent spouse and who occupied the property as her home and that of her minor daughter whose custody and patria potestas had been granted to her. *Cf. Irizarry* v. *García*, 58 P.R.R. 282, 283 *et seq.* (1941). Petitioner asserted in due time her right of homestead. *Cf. Rivera* v. *Vázquez*, 45 P.R.R. 489, 491 (1933); *Carrillo* v. *Santiago*, 51 P.R.R. 528 (1937); *Irizarry* v. *Gar-*

cía, *supra* at p. 286. The homestead has been classified not as an estate but as an estate in property. *Cf. González* v. *Municipal Court*, 54 P.R.R. 17, 19 (1938) ; *Féderal Land Bank* v. *Municipal Court*, 47 P.R.R. 895 (1935). Since the intervener insisted that the property be sold at public auction by virtue of the action for division of community property, there is no question that petitioner had that interest which she sought to protect and the court so admitted it originally.

However, the subsequent order denying to her the right of homestead, against the intervener, as a result of the waiver made in the mortgage deed in favor of the Veterans' Administration, was not correct. As is known, under the Homestead Act of 1903 the right could be waived provided it was expressly made. In 1936 there occurred a radical change of public policy in that sense and such right could not be waived except in the cases expressly permitted by law, and any agreement to the contrary was void. Apart from the fact that the right of homestead must be liberally construed in favor of the claim, *cf. García* v. *Pérez*, 46 P.R.R. 30, 39 (1934), any waiver of such right, being an exception to the public policy in general since 1936, must be restrictively construed against the waiver.

In this case petitioner waived her right of homestead *only* in favor of the mortgagee, Veterans' Administration. The Veterans' Administration did not foreclose the mortgage nor did it propose to foreclose it. We do not know whether or not the Veterans' Administration, which was not joined as a party nor appeared in the action, would agree that the purchaser (who could be a nonveteran) assume the mortgage debt or whether it would demand immediate full payment from the proceeds of the sale. In any event, there is nothing in the record to show any action on the part of the creditor Administration. The intervener had no basis at law to claim for his benefit the waiver of a homestead made by the petitioner in favor of the Administration, as one of the excep-

tions of the Act, and which she could not validly do in favor of intervener himself after such right was granted by the court pursuant to § 3 of the Homestead Act. The cases of *Smith* v. *Negrón,* 57 P.R.R. 82 (1940), and *Quiñones* v. *Rodríguez,* 58 P.R.R. 219 (1941), cited by the intervener, are not applicable. In *Smith* the action was brought by the mortgagee himself in whose favor the right had been waived at a time when the law permitted such waiver. That of *Quiñones* is not in point.

Unlike the situation in *Carrillo* v. *Santiago* and *Irizarry* v. *García, supra,* petitioner has not insisted on retaining the property in order to occupy it together with the minor until the latter attains majority. She merely asserts the right of homestead in the sum of $1,500 from any sale which the court may direct.[1]

The order of the trial court of April 22, 1963, setting aside the previous order of March 29, recognizing and granting to petitioner the right of homestead, will be set aside. The record shall be remanded to the trial court for further proceedings consistent with the holding herein.

---

[1] According to the record of divorce, the situation as to support, as per order of October 8, 1962, which was in force at the time of entering the order on review, shows that the court imposed on petitioner the obligation to pay the monthly installments of the mortgage in the amount of $62, and on the intervener to pay to his daughter $85 a month, of which $15 are for amortization of the debt. If the property is sold, the question of support may always be the object of further determination if the rent of any other dwelling occupied by the minor should exceed $62, or for any other pertinent circumstance.